**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Barrow, et al., | No. CV-22-08160-PCT-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| New Residential Mortgage LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion for a temporary restraining order ("TRO"). (Doc. 2.) Plaintiffs ask the Court to enjoin a trustee's sale of real property located in Arizona that they claim to own. That trustee's sale is scheduled for 10:00 am on September 12, 2022. Plaintiffs ask the Court to issue this TRO without notice to Defendants. Plaintiffs' motion will be denied because they have not satisfied the requirements for obtaining a TRO without notice.

The bedrock elements of due process are notice and a meaningful opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). A TRO without notice necessarily deprives the opposing party of both. For this reason, a litigant seeking a TRO without notice to the opposing side must provide a sufficiently compelling reason why due process must be dispensed with. To that end, the Federal Rule of Civil Procedure set out specific requirements for obtaining a TRO without notice.

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only

> if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). In essence, the Court may issue such an order only if the movant could not have notified the opposing side far enough in advance to allow them to be heard without causing irreparable harm. This may happen, for example, when notice to the opposing side would itself cause irreparable harm, or when the movant learns of the need for a TRO at the eleventh hour and therefore cannot, as a practical matter, provide sufficient advance notice to the opposing side.

Plaintiffs vaguely allude to discussions they claim to have had with Defendants' attorney(s) about this matter. But they fail to explain in any concrete terms the efforts, if any, they made to notify Defendants of this motion for a TRO. What's more, there appears to be no good explanation for Plaintiffs' decision to wait until the eleventh hour to file their request. According to Plaintiffs, a notice of the forthcoming trustee's sale was recorded on June 9, 2022. Yet Plaintiffs waited three months—and until the very last business day before the trustee's sale is set to occur—to file this lawsuit and their motion for a TRO. Had Plaintiffs filed this lawsuit earlier—even as little as week earlier—Defendants easily could have been afforded a meaningful opportunity to be heard in opposition. Plaintiffs fail to offer a cogent explanation for not filing this motion sooner, and Defendants should not be deprived of their due process rights simply because Plaintiffs chose to run out the clock. On this record, the Court cannot conclude that notice should not be required.[1] Therefore,

---

[1] Although failure to satisfy Rule 65(b)(1)'s threshold requirements is a sufficient basis for denying relief, the Court also flags a potential jurisdictional problem. Plaintiffs allege that the Court has subject-matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, which "confers jurisdiction on federal courts when each defendant is a citizen of a different state from each plaintiff." *Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983). According to the complaint, Plaintiffs each are Arizona citizens. The Court therefore has subject-matter jurisdiction only if no defendant is also a citizen of Arizona. One of the defendants, New Residential Mortgage, LLC ("New

**IT IS ORDERED** that Plaintiffs' application for a TRO without notice (Doc. 2) is **DENIED**.

Dated this 9th day of September, 2022.

Douglas L. Rayes
United States District Judge

---

Residential"), is a limited liability company. A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiffs allege that New Residential is "a foreign company with its principal place of business located in Delaware," but they do not allege any information about the citizenship of New Residential's owners/members. The Court therefore lacks sufficient information to determine whether New Residential is or is not an Arizona citizen.